UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN ORTEGA, et. Al.,<br><br>Defendants. | No. 2:12-cr-0198 MCE<br><br><br><br>ORDER |

On September 17, 2015, this matter came on for hearing regarding defendants' discovery motion (ECF Nos. 556, 561, 563, 566, 569, 570, 571, 574, 580, 584). Assistant United States Attorneys Richard Bender and Roger Yang appeared for the government. James Greiner appeared for defendant Jason Seigfried, and specially appeared for defendants Reginald Bell, Jay Dupee, and Charles Erickson; Hayes Gable appeared for defendant Anthony Giarusso; Dina Santos appeared for defendant Matt Ortega; Scott Cameron appeared for defendant Justin McMillan; Jason Lawley appeared for defendant Nickolas Perry; Shari Rusk appeared for defendant Marla Ortega; Olaf Hedberg appeared for defendant Travis Olibas; Sam O'Keefe specially appeared for defendant Kevin Kirkpatrick; and William Bonham appeared for defendant Brock Enrico. Defendant Matt Ortega was present; all other defendants have a waiver of appearance on file. Upon review of the filings, arguments of counsel, the Court's in camera

review of various documents[1], and good cause appearing, IT IS HEREBY ORDERED that defendants' motion is granted in part and denied in part, as follows.

### A. Background

The Indictment in this case, returned on May 24, 2012, charged thirty-one defendants with various offenses relating to the manufacture of marijuana. The charges stemmed from a lengthy investigation, search warrants, and several court-authorized wiretaps.

### B. Discovery Already Provided

On June 8, 2012, the parties signed a stipulated protective order governing the wiretap materials in this case. ECF No. 573 at 2. The government represents that on August 23, 2012, it provided over 7,000 pages of discovery and six discs of wiretap audio. Id. The government further represents that additional material was provided in November, 2012, and June, 2015. Id. In its response to the defendants' motion for discovery, the government agreed to provide documents relative to Request Nos. 2, 3, 5, 14. Id. At the hearing on this matter, the defendants' withdrew Request No. 9 as to redacted page DD-002402.

On October 7, 2015, the court signed second stipulated protective order, governing the non-wiretap material in this case. ECF No. 606. The government has now agreed to produce the bulk of the remaining redacted materials in unredacted form. ECF No. 601. The only substantive issue remaining for resolution at this time is whether the government can continue to properly assert the "informer's privilege" as to information contained in the various materials, including the affidavits in support of the search warrants and wiretap applications, which either directly or indirectly identify the informants. The court concludes that the government has properly invoked its privilege, and should not be required to turn over unredacted copies of all of the documents requested.

////

---

[1] At the hearing on September 17, 2015, the Court ordered the government to provide the Court with a copy of the disputed redacted discovery and a parallel copy of unredacted discovery. The government complied with the order, and the Court has reviewed all of the materials submitted. Additionally, the government has made certain representations to the court regarding unredacted discovery it is now willing to provide.

1    To complete the record, however, the undersigned will set forth the various requests, and
2    resolve all of the issues regarding the disputed discovery items.

### C. Defendants' Requests:

Broadly speaking, the defendants have requested unredacted copies of all discovery materials.[2] The government has opposed the requests in two areas: DEA administrative information regarding file numbers, names, and other internal tracking information[3], and information that could lead to the disclosure of their confidential informants. As it relates to each specific request, the court rules as follows:

**1. Request No. 1 – Affidavits of agents:**

Defendants' motion as to Request No. 1 is granted in part, and denied in part. The motion is granted as to the following information, and the <u>government is ordered to produce unredacted copies</u> of the items, as follows:

DD-000047: paragraph 47, second redaction on line 6, and the redactions on lines 8 and 9

DD-000048: continuation of paragraph 47 lines 1, 2, and 3

DD-000050

DD-000051: paragraph 60

DD-000054: the heading of paragraph 68, paragraph 68, and paragraph 69

DD-000055: paragraph 72

DD-000057 through DD-000060

DD-000064

DD-000065

---

[2] As part of the defendants' motion, they have requested to file some of the redacted discovery documents under seal. ECF No 581. The court denies this request as the court will return all of the relevant redacted and unredacted documents to the United States Attorney's Office and order the government to maintain the documents for possible further judicial review. The clerk's office will be instructed to return the documents referenced in ECF No. 581 to the defendants.

[3] As detailed in the discussion of Request No. 8, the Court concludes that the government has properly redacted administrative information and need not produce any information with the administrative information unredacted.

1. DD-000067
2. DD-000068
3. DD-000069: paragraph 105
4. DD-000072
5. DD-000074: paragraph 117, line 10 and the first redaction on line 12
6. DD-000075: paragraph 119, line 4
7. DD-000077
8. DD-000083: paragraph 139, lines 13 and 15
9. DD-000084: paragraph 140, second redaction on line 1 and the second redaction on line 3
10. DD-000246
11. DD-000254
12. DD-000260
13. DD-000261
14. DD-000262
15. DD-000271: heading of paragraph 76, all of paragraph 77
16. DD-000278
17. DD-000284
18. DD-000293
19. DD-000303: paragraph 174, last line on page 85
20. DD-000304:  paragraph 174, the fourth line on page 86
21. DD-000306
22. DD-000309
23. DD-000488
24. DD-000491
25. DD-000500
26. DD-000503
27. DD-000511: paragraph (ii), line 25

1     DD-000519

2     DD-000524

3     DD-000526

4     DD-000534: paragraph 133, lines 16 and 18

5     DD-000536

6   The remainder of the defendants' motion is denied, for the reasons set forth below in

7 Section D.

8     **2. Request No. 2 – Signed, dated minimization instructions**:

9   Defendants' motion as to Request No. 2 is granted as the government does not oppose this

10 request. The government is ordered to provide all materials in unredacted form, forthwith.

11     **3. Request No. 3 - Periodic reports**

12   Defendants' motion as to Request No. 3 is granted as the government does not

13 oppose the request. The government is hereby ordered to provide all materials in

14 unredacted form, forthwith.

15     **4. Request No. 4 – Declaration and application for pen register**

16   Defendants' motion as to Request No. 4 is denied, for the reasons set forth in Section D,

17 below.

18     **5. Request No. 5 – Application for pole cameras**

19   Defendants' motion as to Request No. 5 is granted as the government does not oppose this

20 request. All materials must be provided in unredacted form, forthwith.

21     **6. Request No. 6 – Affidavit for search warrants**

22   Defendants' motion as to Request No. 6 is granted in part, and denied in part. The court

23 has already ordered, and the government represents that it has produced, unredacted copies of

24 pages DD-001358, DD-001364-1365, DD-001367-001368, DD-001381-001397, and DD-

25 001402-001406. The government has also agreed to produce unredacted copies of pages DD-

26 000858 through DD-000860, DD-000879, DD-000898, DD-000900, and DD-000901. If not

27 already produced, all of these documents are order produced, in unredacted form, forthwith. In

28 addition, the court orders the government to provide unredacted copies of other documents as

5

follows[4]:

    DD-000891

    DD-000893

    DD-000894

As to the remainder of the documents covered by Request No. 6, defendants' motion is denied, for the reasons set forth in Section D, below.

### 7. Request No. 7 – Reports and surveillance[5]

Defendants' motion as to Request No. 7 is granted in part, and denied in part, as follows. The government is ordered to provide the following unredacted documents:

    DD-001426

    DD-001429, DD-001430

    DD-001441-DD-001443

    DD-001446-DD-001448

    DD-001450-DD-001452

    DD-001454-DD-001455

    DD-001457-DD-001460

    DD-001464

    DD-001467

    DD-001473-DD-001474

    DD-001479-DD-001480

    DD-001486-DD-001487

    DD-001490-DD-001491

    DD-001493-DD-001494

    DD-001498-DD-001499

---

[4] Although the government asserts the "informer's privilege" as to these pages, the court does not concur that the redactions are necessary to protect the informants' identities.

[5] To the extent that any of the DEA 6a forms contain administrative information in blocks 1, 2, and/or 3, as well as the "Indexing" section, the court does not order that information produced.

1         DD-001518-DD-001523

2         DD-001529-DD-001533

3         DD-001544-DD-001545[6]

4         DD-001550-DD-001552[7]

5         DD-001561[8]

6         DD-001565[9]

7         DD-001569[10]

8         DD-001573-DD-001574

9         DD-001611

10         DD-001646

11         DD-00168

12         DD-001750-DD-001751

13         DD-001981: paragraph 1, the third and fourth words of paragraph 2, and paragraph 3

14         DD-001982

15         DD-001985

As to the remainder of the materials, the defendants' motion is denied for the reasons set forth in Section D, below.

////

////

---

[6] DD-001546 need not be produced in unredacted form as it contains only the continuation of the indexing section of the report.

[7] DD-001553 and DD-001554 need not be produced in unredacted form as they contain only the continuation of the indexing section of the reports.

[8] DD-001563 need not be produced in unredacted form as it contains only the indexing section of the report.

[9] DD-001566 need not be produced in unredacted form as it contains only the indexing section of the report.

[10] DD-001570 need not be produced in unredacted form as it contains only the indexing section of the report.

**8. Request No. 8 – Drug property collection**

Defendants' motion as to Request No. 8 is granted in part, and denied in part. The government has redacted various DEA administrative information from all of the DEA 7 forms ("Reports of Drug Property Collected, Purchased, or Seized") which the court concludes is proper as the defendants have not demonstrated that such information is material.  The court has reviewed all of the redactions, and has confirmed that the redacted material is not substantive, but rather bureaucratic in nature.  As to DD-002001 and DD-002224, however, the government concedes that the non-administrative information need not be redacted.  Thus the court orders that the government provide unredacted copies of DD-002001 and DD-002224.

**9. Request No. 9 – Surveillance reports**

Defendants' motion as to Request No. 9 is granted.  The government is ordered to provide unredacted copies of all reports covered by Request 9.

**10. Request No. 10 – IRS Criminal Investigation memoranda of interviews**

Defendants' motion as to Request No. 10 is granted.  The government is ordered to provide unredacted copies of all items covered by Request No. 10.

**11. Request No. 11 – Surveillance reports**

Defendants' motion as to Request No. 11 is granted.  The government is ordered to provide unredacted copies of all items covered by Request No. 11.

**12. Request No. 12 – Arrest investigation reports and narratives**

Defendants' motion as to Request No. 12 is granted.  The government is ordered to provide unredacted copies of all reports covered by Request No. 12.

**13. Request No. 13 – DEA non-drug evidence reports**

Defendants' motion as to Request No. 13 is denied. The government has represented that the only redactions on pages DD-002776 through DD-002779 are DEA administrative information, which the court has already concluded is properly withheld.  Thus no unredacted copies must be provided.

////

////

**14. Request No. 14 – Brady material regarding co-defendant Mirante**

Defendants' motion as to Request No. 14 is granted as the government does not oppose this request. All such materials must be produced.

**15. Request No. 15 – Raw data from pen registers, etc.**

Defendants' motion as to Request No. 15 is denied. The government represents that it does not intend to introduce any evidence at trial relating to Request No. 15, beyond what it has already produced. ECF No. 601 at 2. The defendants urge the court to order the government to provide the "raw data" of the pen registers, trap and trace devices, and other investigatory methods. The defendants have failed to demonstrate the materiality of such items, however, beyond a sweeping conclusory statement that such evidence is "material, relevant and critical…" ECF No. 575 at 18. This bald assertion is inadequate.[11] See United States v. Roybal, 46 F.Supp.3d 1127, 1156 (D.N.M. 2014).

**D. Information Which Identifies, Or Could Identify, the Confidential Informants[12]**

Defendants' ask the court to order the government to provide unredacted copies of documents which the government claims contain information provided by confidential informants which either identify the confidential informants directly or could lead to the identification of the confidential informants through the specificity of the information provided. The government argues that it has a right to redact documents to preclude identification of its confidential informants, and has represented that it does not intend to call any of the confidential informants to testify at trial. ECF No. 601 at 1.

////

---

[11] Equally unavailing is the defendants' argument that the government produced such information in another, unrelated, case. ECF No. 575 at 17; Exhibit F thereto. It is clear that the information one prosecutor may provide as a courtesy does not obligate all other prosecutors to provide as a matter of right.

[12] The court is aware that some of the defendants have filed a motion for disclosure of the identities of the confidential informants. ECF Nos. 613, 624, 628. This court addresses only the propriety of the redactions of the discovery; the district judge will hear the disclosure motions. Should the district court grant the defendants' motion, this court presumes that the government will then provide unredacted copies of the discovery at issue. If not, the defendants are free to raise the issue again before this court.

In the discovery produced to date, the government has redacted certain information in various documents relating to defendants' motion as to Request Nos. 1, 4, 6, 7, 9, and 12. Since the filing of the instant motion, however, the government has agreed to provide unredacted copies of documents responsive to Request Nos. 9 and 12, resolving those issues. As to Request Nos. 1 (wiretap affidavits), 4 (pen register applications), 6 (search warrant affidavits), and 7 (reports of investigation and surveillance), however, the government continues to assert its "informer's privilege," and urges the court to deny the defendants' motion as to the remaining redactions.

At the outset, the court notes that "[t]here is no general constitutional right to discovery in a criminal case." Weatherford v.Bursey, 429 U.S. 545, 559, 97 S. Ct. 837, 51 L.Ed.2d 30 (1977). Rule 16 of the Federal Rules of Criminal Procedure governs criminal discovery. Unlike civil discovery, where some materials are automatically produced as a matter of right, in criminal discovery, the defendant must invoke the right to discovery. Compare Fed. R. Crim. P. 16(a)(1) with Fed. R. Civ. P. 26(a). Additionally, as the government correctly notes, to obtain discovery under Rule 16, a defendant "must make a threshold showing of materiality, which requires a presentation of 'facts which would tend to show that the Government is in possession of information helpful to the defense." United States v. Santiago, 46 F.3d 885, 894 (9th Cir. 1995). A "general description of the materials sought or a conclusory argument as to their materiality is insufficient to satisfy the requirements of Rule 16(a)(1)(C)." United States v. Cadet, 727 F.2d 1453, 1468 (9th Cir. 1984).

The government invokes its so-called "informer's privilege," redacting information throughout the discovery implicated by defendants' Request Nos. 1, 4, 6, and 9. The government asserts that the redactions are necessary to protect the identities of the informants, and such protection is authorized under Roviaro and its progeny. See, Roviaro v. United States, 353 U.S. 53. (1957). As the Supreme Court explained, "what is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Id. at 59. The privilege covers not only the names of informants, but "information that would tend to reveal the identity of the informant." United States v. Napier, 436 F.3d 1133, 1136

10

(9th Cir. 2006).

The defendant bears the burden of proving that the disclosure of an informant's identity is "essential to a fair determination" of his case. <u>Roviaro</u> at 62. Thus far, the defendants have argued only that discovery of the redacted information is necessary to "test the credibility of the government's witnesses." ECF No. 575 at 2. This is wholly inadequate.

Indeed, even if the defendants were at some point to challenge the search warrants or the wiretaps,[13] they would have to make such a challenge under <u>Franks v. Delaware</u>, 438 U.S. 154, 155-56 (1978).[14] To be entitled to <u>Franks</u> hearing, the defendants would be required to "make a substantial preliminary showing that a false statement was deliberately or recklessly included in an affidavit submitted in support of a wiretap order, and the false statement was material to the district court's finding of necessity." <u>United States v. Staves</u>, 383 F.3d 977, 982 (9th Cir. 2004).

Having reviewed the unredacted material <u>in camera</u>, the court confirms that the government has not redacted the information provided by the informants, for the most part, only the information specific to each informant which the government reasonably believes could reveal the identity of that informant. Thus, for the foregoing reasons, the court denies the defendants' motion as to Request Nos. 1, 4, 6, and 7 for information which the government has redacted pursuant to its "informer's privilege." The government is not required to produce unredacted copies of the following documents or portions thereof:

1. Request No. 1

    DD-000040-DD000046

---

[13] Although the wiretap statute provides that before intercepted communications or evidence derived therefrom may be disclosed in a court proceeding, each party to the proceeding must be provided "with a copy of the court order, and accompanying application, under which the interception was authorized or approved," 18 U.S.C. § 2518(9), the 9th Circuit has specifically held that a defendant "does not have a right to redacted portions of a wiretap application if the government is able (and willing) to defend the warrant without relying on the redacted information." <u>United States v. Forrester</u>, 616 F.3d 929, 942 (9th Cir. 2010), citing <u>United States v. Danovaro</u>, 877 F.2d 583, 588 (7th Cir. 1989). <u>Forrester</u> expressly overruled <u>United States v. Arreguin</u>, 277 F.Supp.2d 1057 (E.D. Cal. 2003), with which the undersigned is quite familiar.

[14] The procedure for challenging the veracity of a wiretap application is the same as that for challenging the veracity of a search warrant affidavit. <u>United States v. Ippolito</u>, 774 F.2d 1482, 1485 (9th Cir. 1985).

11

| | |
|---|---|
| 1 | DD-000047, except as noted above |
| 2 | DD-000048, except as noted above |
| 3 | DD-000049 |
| 4 | DD-000051, except as noted above |
| 5 | DD000052-DD000053 |
| 6 | DD000054, except as noted above |
| 7 | DD-000060, paragraph 81 |
| 8 | DD-000061 |
| 9 | DD-000062 |
| 10 | DD-000069, paragraph 106 |
| 11 | DD-000070 |
| 12 | DD-000071 |
| 13 | DD-000073 |
| 14 | DD-000074, except as noted above |
| 15 | DD-000082 |
| 16 | DD-000083, except as noted above |
| 17 | DD-000088 |
| 18 | DD-000242 |
| 19 | DD-00271, except as noted above |
| 20 | DD-000290 |
| 21 | DD-000301- DD-000305, except as noted above |
| 22 | DD-000310 |
| 23 | DD-000311 |
| 24 | DD-000511, except as noted above |
| 25 | DD-000522 |
| 26 | DD-000523 |
| 27 | DD-000533 |
| 28 | DD-000534, except as noted above |

   DD-000535

   DD-000540

2. Request No. 4

   DD-000694-000695

3. Request No. 6

   DD-000836

   DD-000838

   DD-000839

   DD-000840

   DD-000889

   DD-000895-DD000897

4. Request No. 7

   DD-001981

   DD-001982

**E. CONCLUSION**

1. The defendants' motion for discovery (ECF Nos. 556, 561, 563, 566, 569, 570, 571, 574, 580, 584) is granted in part and denied in part, as set forth above.

2. The court denies the defendants' motion to seal (ECF No. 581) and directs the clerk's office to return any documents submitted in connection with that motion to the defendants forthwith.

3. The United States Attorney's Office for the Eastern District of California is directed to preserve a copy of the redacted and unredacted copies of the documents at issue should further judicial review be required.

IT IS SO ORDERED.

Dated: October 19, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE